## BRYANT HARLEY v. THE STATE.

No. 22249. Delivered November 4, 1942.

The opinion states the case.

*Leo C. Brady, Drew Davis,* and *Dick Young,* all of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is negligent homicide in the first degree. The punishment assessed is confinement in the county jail for a period of seven months.

The only question presented for review is the sufficiency of the evidence to sustain the conviction. It appears from the evidence that on the day in question and a very short time prior to the commission of the offense charged, appellant shot a man; that immediately after the shooting he ran to his home, got into his automobile and started to leave the city; that while driving down Morrison Street he ran upon and against Mrs. L. S. Hamilton, knocking her down and inflicting severe injuries upon her from the effects of which she died within two hours. The evidence also shows that after he had struck the lady his car left the pavement and ran upon a dump near the bayou, where it bogged down and appellant was unable to extricate it. He did not go to the person whom he had struck to ascertain if she was hurt or to render her any aid whatever, but, on the contrary, he fled on foot to Hempstead and from there to San Antonio. He later came back to the City of Houston where he remained in seclusion for more than two weeks, at which time he surrendered to the officers after he had conferred with his lawyers.

We think the evidence justifies the conclusion that appellant was operating the car at the time in question at a higher speed than was prudent under the circumstances. It seems that he was in a hurry from the time he shot the man, because he ran to his home, got into his car and began driving it. Just why he was leaving his home at 6:00 P. M., when it was getting dark and where he was intending to go is unexplained by him. The fact that the car left the pavement after it struck Mrs. Hamilton and ran upon the dump where it bogged down indicates that he was operating the car in such a careless manner as to be inconsistent with the safety of pedestrians upon the streets of the city. That he was in a hurry, that he struck a lady, together with the fact that his automobile left the street, were facts and circumstances upon which the court could base his conclusion that appellant operated his car, at the time in question, in a careless manner.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.